38 F.3d 1219
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose SANCHEZ-MARIA, Defendant-Appellant.
 No. 94-50050.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1994.
Decided Oct. 19, 1994.
 
 1
 Before: WALLACE, Chief Judge, REINHARDT, Circuit Judge, and TANNER,* District Judge.
 
 MEMORANDUM
 
 2
 Sanchez-Maria (Sanchez) appeals his jury conviction for importation and possession with intent to distribute marijuana in violation of 21 U.S.C. Secs. 952, 960, and 841(a)(1). The district court had jurisdiction under 18 U.S.C. Sec. 3231. We have jurisdiction over this timely appeal pursuant to 21 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Sanchez first contends that the evidence was insufficient to convict him. We review the evidence "in the light most favorable to the prosecution" and determine if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992).
 
 
 4
 The contested issue is whether Sanchez knew that he possessed a large quantity of marijuana when he drove someone else's car across the border. There is sufficient evidence that the jury could find Sanchez knew that he was in possession of these drugs. He was in sole possession of the car, he gave either false or evasive answers upon arrest, and his testimony at trial was apparently less than credible. The amount of marijuana--54 pounds--also raises an inference that Sanchez knew that he was carrying the drugs. A jury may infer intent to distribute from the quantity and value of the drug possessed, United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.1988), and from the fact that Sanchez was the sole driver of the vehicle, United States v. Rubio-Villareal, 927 F.2d 1495, 1499 (9th Cir.1991) ("[e]xclusive dominion over the property or vehicle in which contraband is found is strong circumstantial evidence of possession"), vacated on other grounds, 967 F.2d 294, 296 (9th Cir.1992) (en banc). When this evidence is combined with Sanchez's post-arrest responses, the evidence was sufficient to convict him.
 
 
 5
 Sanchez's second contention is that drug courier testimony was introduced improperly. We review the admission of evidence for abuse of discretion. The trial judge had granted a defense motion in limine to exclude any drug courier profile testimony, in conformity with Ninth Circuit case law. See United States v. Lui, 941 F.2d 844, 847 (9th Cir.1991) (courier profile testimony prejudicial). But the record here shows that the only evidence allowed was testimony about the market value of the seized marijuana. No "courier" testimony was introduced. The testimony admitted was relevant because it explained to the jury how the value of marijuana increases substantially once it enters the United States. The jury was allowed to infer that Sanchez had knowledge of the marijuana because it was unlikely that a person would entrust such a valuable shipment of drugs to someone who did not know that he was carrying them. See United States v. Ogbuehi, 18 F.3d 807, 812 (9th Cir.1994) ("DEA agents can testify as to the street value of narcotics ... and counsel can argue reasonable inferences from it.") (citation omitted). We conclude that there was no abuse of discretion.
 
 
 6
 Finally, Sanchez argues that the district court erred when it allowed the jury to learn about two past federal misdemeanor arrests. Federal Rule of Evidence 609 does not govern this dispute, because the government sought to introduce arrests, not convictions. The evidence was admissible to contradict Sanchez's statements and, under Rule 403, not unfairly prejudicial.
 
 
 7
 Sanchez, on direct examination, testified that he had cooperated fully with the government after he was arrested for drug possession. On cross-examination, Sanchez testified that he had not discussed with the government his prior arrests.
 
 
 8
 The government wanted to impeach both of Sanchez's statements. Sanchez's statement that he had not discussed his arrests with the government was impeached by evidence that the officers had discussed with Sanchez his prior arrests. Sanchez's statement that he had cooperated with the arresting officers was contradicted by showing that Sanchez, after arrest, told an agent that he had never before been arrested when he had. The fact that Sanchez had been arrested showed that he had not "cooperated"--he lied to the arresting officers.
 
 
 9
 The more difficult question is whether the government could also establish what Sanchez was arrested for. The government did limit the testimony to Sanchez's arrests for two prior misdemeanor offenses. Under Federal Rule of Evidence 403, this was not too prejudicial to Sanchez. The nature of this evidence was an elaboration of the fact that Sanchez had been arrested. But the arrests were for misdemeanors, and the record, read in its entirety, does not support the view that Sanchez was unfairly prejudiced by the admission.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Jack E. Tanner, United States District Judge, Western District of Washington, sitting by designation